

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 10, 2015

The Honorable Anna D. Hord
Hockley County Attorney
802 Houston, Suite 211
Levelland, Texas 79336

Opinion No. KP-0032

Re: Whether an independent school district police chief may simultaneously serve as a constable in the precinct in which the school district is located (RQ-0012-KP)

Dear Ms. Hord:

You tell us that the school district chief of police has submitted his name to the county commissioners court for appointment to a vacant constable position for the precinct that serves the school district.[1] Concerned that the two positions might be incompatible, you ask whether the chief of police of an independent school district may simultaneously hold the office of constable in the precinct in which the school district is located. Request Letter at 1.

Incompatibility of office derives from the Texas Constitution and the common law. Article XVI, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40. This prohibition applies if both positions are civil offices that are entitled to an emolument. *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (orig. proceeding). An emolument is "a pecuniary profit, gain, or advantage." *Id.* We presume that both positions about which you ask are compensated, so we consider the nature of the two positions.

For purposes of article XVI, section 40, a "civil office" is a "public office." *See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.) ("We see no difference in the meaning of public office and civil office."); *see also* Tex. Att'y Gen. Op. Nos. GA-0214 (2004) at 2, JM-480 (1986) at 1, MW-415 (1981) at 1–2. A public officer is one upon whom "any sovereign function of the government" has been conferred "to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). The *Aldine* analysis involves a determination of whether the actions and decisions of the officer are subject to the control of others, and whether the employment may be terminated at will by a superior body: It cannot be said that an officer

---

[1]*See* Letter from Honorable Anna D. Hord, Hockley Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 9, 2015), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

subject to such control exercises authority "largely independent of the control of others." *Id.* at 583; *see also* Tex. Att'y Gen. Op. Nos. GA-0688 (2009) at 2, GA-0393 (2006) at 3.

Relevant here, opinions from this office have already addressed the nature of both of the positions about which you ask. We have consistently determined that the office of constable is a public office within the scope of article XVI, section 40. *See* Tex. Att'y Gen. Op. Nos. GA-0540 (2007) at 2, GA-0402 (2006) at 1. Moreover, we have previously determined that the office of a school district police chief is not a public office to which article XVI, section 40 applies because the school district police chief answers to, and is subject to the control of, the school board and the superintendent. *See* Tex. Att'y Gen. Op. No. GA-0688 (2009) at 2; TEX. EDUC. CODE ANN. § 37.081(a), (e), (f) (West Supp. 2014) (detailing that the scope of a peace officer's duties are established by the independent school district's board of trustees and providing that that chief of police "shall be accountable to the superintendent and shall report to the superintendent"); *see also* Tex. Att'y Gen. Op. No. DM-212 (1993) at 2, 5. Accordingly, a school district police chief is not prohibited by the constitution from simultaneously holding the office of constable in the precinct in which the school district is located.

The common-law doctrine of incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. No. GA-1083 (2014) at 2. Because neither office involved here hires, employs, or supervises the other, the dispositive issue involves the conflicting-loyalties aspect. *See* Tex. Att'y Gen. Op. No. GA-0688 (2009) at 1. Yet, as with article XVI, section 40, conflicting-loyalties incompatibility applies only when the two positions are both officers under the *Aldine* analysis. *See* Tex. Att'y Gen. Op. No. GA-0393 (2006) at 3. The fact that a school district chief of police is not a public officer warrants the same conclusion with respect to conflicting-loyalties incompatibility: The school district police chief is not prohibited from simultaneously serving as a constable in the school district's precinct.[2]

---

[2]As a practical matter, the commissioners court, in appointing this individual to fill the constable vacancy, must determine whether the duties the individual must perform as a school district's police chief will impact his or her ability to adequately serve as constable. *See generally* Tex. Att'y Gen. Op. No. GA-0569 (2007) at 3.

## S U M M A R Y

Neither the Texas Constitution nor the common-law doctrine of incompatibility prohibits an independent school district police chief from simultaneously serving as a constable in the precinct in which the school district is located.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee